JUAN LLÓPIZ ET AL., Plaintiffs and Appellants, v. JUAN ARBURÚA GARCÍA ET AL., Defendants and Appellees.

No. 10926. Argued December 3, 1953.—Decided March 10, 1954.

*David Curet Cuevas* for appellants. *Daniel Pellón Lafuente* for appellees.

PER CURIAM: The San Juan Part of the Superior Court sustained a motion to dismiss an amended complaint in an action for a declaratory judgment, on the ground that the amended complaint did not state facts sufficient to constitute a cause of action. The court granted a period of ten days to plaintiffs to amend the complaint, but the plaintiffs moved for judgment against them and appealed to this Court from the judgment thus rendered, alleging that the amended complaint is sufficient.

The sufficiency of a former amended complaint had already been submitted to this Court for consideration, and we held that the facts alleged in that amended complaint were sufficient to state a cause of action for declaratory judgment. *Llópiz* v. *Arburúa*, 72 P.R.R. 496. The new amended complaint involved in this appeal is substantially identical with the one which was upheld in the aforesaid case as to the facts therein alleged. Irrespective of the fact that the previous ruling of this Court should constitute the law of the case for the lower court, we have re-examined the matter and reached the conclusion that the amended complaint is sufficient, therefore the judgment of the San Juan court must be reversed.

The amended complaint before us is vague and does not serve as a pattern for the adequate drafting of a complaint, but, within a range of liberality, it contains facts sufficient to state a cause of action for a declaratory judgment and constitutes an appropriate basis for the decision of the case on its merits in the light of the evidence which may be offered. It is stated in the amended complaint under consideration that plaintiffs are the owners of a building in

Santurce which is erected on a lot belonging to the spouses Juan Santos Medina and Petra Cordero de Santos. The amended complaint further alleges as follows:

".    .    .    .    .    .    .    .

"(3) That early in March 1948, plaintiffs and Juan Santos Medina and Petra Cordero de Santos agreed to sell the above-described lot belonging to the said spouses, and to that end the latter sold, or at least attempted to sell, to plaintiffs the lot in question.

"(4) That in order to pay the agreed selling price of $650 for the lot, and in order to raise funds to repair the house which has been described in the preceding first paragraph, plaintiffs borrowed from defendant Juan Arburúa García the sum of $1,500, to be paid two years hence.

"(5) That after the agreement was perfected whereby the lot in question was sold to plaintiffs, and the latter in turn mortgaged it to defendant Juan Arburúa García, on March 12, 1948 the parties went to the office of Lic. José R. Seda for the purpose of executing the proper documents, but, contrary to the agreement made, they signed two separate deeds, No. 8, whereby there was conveyed to the defendant, and No. 9, whereby plaintiffs conveyed to defendant Juan Arburúa García the house described in the preceding first paragraph.

"(6) That it was not until April 22, 1949 that plaintiffs learned about the facts set forth in the preceding fifth paragraph when the Bureau of Permits of the Department of the Interior cancelled the permit to repair on the ground that defendant with a better title had obtained a similar permit.

"(1) That plaintiffs have never paid defendant Juan Arburúa García any rent, and they always made defendant believe that it was a question of a mortgage deed which would be cancelled at the expiration of the two-year period agreed upon by the parties.

"(8) That the facts, as agreed by the parties hereto and Mr. and Mrs. Santos, are in conflict with the said deed, and that the ownership rights of plaintiffs have been considerably affected by the contracts therein contained, wherefore a declaration by this court clarifying the whole situation is necessary.

"WHEREFORE, THEY RESPECTFULLY PRAY:

"That judgment be rendered granting this petition with the following pronouncements:

"1. That deeds 8 and 9 of March 12, 1948, executed before José R. Seda, are null and void and have no legal effect whatever;

"2. That the properties described in the first and second paragraphs are the exclusive property of plaintiffs;

"3. That defendant Juan Arburúa García has a mortgage right in the properties in question amounting to $1,500, payable on March 12, 1950."

The previous amended complaint involved in *Llópiz* v. *Arburúa, supra*, was construed by this Court as stating the following facts:

"It is substantially alleged in the amended complaint filed in this case that plaintiffs are the owners in fee simple of a one-story house, built by them on a lot belonging to Juan Santos Medina and his wife, Petra Cordero; that the latter agreed to sell the lot to plaintiffs for the amount of $650; that in order to pay for it and to repair the house they made a loan secured by a mortgage from defendant in the amount of $1,500 to be paid in two years; that on March 12, 1948 they went to the office of Mr. José R. Seda to sign the proper documents, but contrary to the agreement they signed two separate deeds, by virtue of which the two above-mentioned properties were conveyed to defendant; that it was not until April 22, 1949 that they learned about the facts stated above when the Bureau of Permits of the Department of the Interior cancelled the permit granted them to repair their house, on the ground that defendant with a better title had obtained from the Bureau a similar permit; that they have never paid defendant any rent and that the latter made them believe at all times that it was a question of a mortgage deed; that the facts, as agreed by the parties and Mr. and Mrs. Santos, do not harmonize with the said deeds, and that the property rights of plaintiffs have been considerably affected by the contracts contained therein. They pray that judgment be rendered stating (1) that the said deeds are null and void; (2) that the properties described in the complaint belong exclusively to plaintiffs; and (3) that defendant has a mortgage on said properties amounting to $1,500, payable on March 12, 1950."

It can be seen that the averments on the facts alleged in the latter case are substantially the same as those in the

amended complaint before us. As to such averments, this Court held as follows:

"In the case at bar plaintiffs allege to be the owners of a one-story house built on another's lot, to have agreed on the purchase of the lot with their owners, and that in order to purchase it and to repair its house they contracted a loan from defendant. They also allege that instead of executing the corresponding deeds of sale of the lot and of the loan and mortgage, two deeds of sale were executed in favor of defendant. Notwithstanding the existence of an ordinary remedy in their favor, plaintiffs, as interested parties in the two deeds we have repeatedly referred to, are entitled to obtain within the proceeding of declaratory decree a determination on the validity of said deeds and on all other questions raised in their complaint."

The amended complaint involved herein is sufficient, in view of the holding in the aforesaid case. However, it is well to reproduce here the holding of the lower court in the case at bar. It stated as follows:

"In view of the manner in which the allegations are drafted, particularly the following:

" 'That early in March 1948, plaintiffs and Juan Santos Medina and Petra Cordero de Santos agreed to sell the above-described lot belonging to the said spouses, and to that end the latter *sold, or at least attempted to sell, to plaintiffs the lot in question.*

" 'That after the agreement was perfected whereby the lot in question was sold to plaintiffs, and the latter in turn mortgaged it to defendant Juan Arburúa García, on March 12, 1948, the parties went to the office of Lic. José R. Seda for the purpose of executing the proper documents, but, contrary to the agreement made, they signed two separate deeds: No. 8, whereby there was conveyed to the defendant, and 9, whereby plaintiffs conveyed to defendant Juan Arburúa García the house described in the preceding first paragraph.'

"And in view of the Rules of Civil Procedure which require a clear exposition of the facts, and of the order of the court of December 17, 1952 granting a period of ten (10) days to amend the complaint, which plaintiff refuses to do, the court

grants plaintiff's request and renders judgment dismissing the complaint in its entirety, with costs and attorney's fees on plaintiffs."

Evidently, the lower court was of the opinion that some words are omitted in one of the paragraphs of the amended complaint making the allegation incomplete. In their brief plaintiffs-appellants maintain that at the hearing of the motion to dismiss they amended, with leave of court, the paragraph in question so as to incorporate the missing words. This allegation evidently is true, since in the amended complaint which is filed in the record and incorporated into the judgment roll certified by the clerk of the lower court, that paragraph appears complete, as transcribed by us when reproducing the allegations of the amended complaint. All those allegations have already been upheld by this Court, as to their sufficiency, in legally correct form.

The judgment appealed from will be reversed and the case remanded to the San Juan court for further proceedings not inconsistent with this opinion.

---

ON RECONSIDERATION

May 10, 1954.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

On March 10 of the present year we rendered judgment in the instant case reversing the judgment of the San Juan Part of the Superior Court and remanding the case to that court for further proceedings. Our judgment was based on a Per Curiam opinion in which we held that the amended complaint before us stated facts sufficient to constitute a cause of action. The defendant requested reconsideration of our judgment. Defendant is right.

■ As we have seen, the controversy before us concerns the sufficiency of an amended complaint. According to that amended complaint, as it appeared in the record of this Court at the time the judgment was rendered, plaintiffs contended that they are the owners of a house standing on

a lot belonging to the spouses Juan Santos Medina and Petra Cordero de Santos, that early in March 1948 Santos Medina and his wife agreed to sell the lot to plaintiffs, and "to that effect the said spouses sold, or at least attempted to sell, the lot in question to plaintiffs," that in order to raise money with which to repair the house and purchase the lot, plaintiffs borrowed from defendant Juan Arburúa the sum of $1,500. According to the amended complaint filed in the record of this Court at the time the judgment under reconsideration was rendered, it is further alleged as follows:

"5. That after the agreement was perfected whereby the lot in question was sold to plaintiffs, and the latter in turn mortgaged it to defendant Juan Arburúa García, on March 12, 1948, the parties went to the office of Lic. José R. Seda for the purpose of executing the proper documents, but, contrary to the agreement made, they signed two separate deeds, No. 8, whereby *there was conveyed* to the defendant, and No. 9, whereby plaintiffs conveyed to defendant Juan Arburúa García the house described in the preceding first paragraph." (Italics ours.)

The San Juan Court held that the complaint was insufficient, due, in part, to the fact that paragraph 5, above quoted, is without sense or meaning, since there is a space in blank between "whereby" and "to the defendant" (which space was filled in the amended complaint previously before us with the phrase "there was conveyed"). The defendant attached to his motion for reconsideration a certificate of the Office of the Secretary of the San Juan Court, attesting to the fact that paragraph (5) of the amended complaint which is filed in the record of that court, and on which the opinion of the San Juan Court relied, reads as follows:

"5. That after the agreement was perfected whereby the lot in question was sold to plaintiffs, and the latter in turn mortgaged it to defendant Juan Arburúa García, on March 12, 1948, they went to the office of Lic. José R. Seda for the purpose of executing the proper documents, but, contrary to the agreement made, they signed two separate deeds, No. 8, whereby

to the defendant, and 9, whereby plaintiffs conveyed to defendant Juan Arburúa García the house described in the preceding first paragraph."

It is stated in the certificate of the Office of the Secretary of the San Juan Part of the Superior Court "that the foregoing is a true and correct copy of the original on file in the record of the case which is kept in the files under my custody, *and the blanks appearing therein have not been filled*." (Italics ours.)

We are convinced that the genuine copy of the amended complaint is the one certified by the Office of the Secretary of the San Juan Part of the Superior Court in the certificate attached to the motion for reconsideration, that is, that there is a blank space in the fifth paragraph of the amended complaint. In view of that fact, the ruling of the lower court was correct since, in view of that blank space, the amended complaint is without sense and meaning to such an extent that it does not contain facts sufficient to state a cause of action. Therefore, the judgment must be affirmed, and we erred in previously deciding that the judgment must be reversed. That error on our part was due to the fact that the phrase "there was conveyed" was inserted in the blank space in the amended complaint originally attached to the record on appeal. We must not overlook or disregard this situation where this Court is led to error by the artificial insertion in an allegation of a phrase which does not actually appear in the original record filed in the San Juan Part of the Superior Court. That situation should be investigated by the Fiscal of this Court.

Plaintiffs-appellants maintain that they requested the trial court, at the hearing of the motion to dismiss, that the fifth paragraph of the complaint be amended so as to fill in the blank space. From the transcript of the incidents which took place at that hearing it appears that plaintiffs stated as follows:

"Now, as respects the fifth paragraph, counsel is right. It should read 'they mortgaged to the defendant' in the blank space appearing there. We believe, however, that the fifth paragraph should not be stricken out on that score alone, but that only that phrase should be incorporated."

However, it does not appear from the transcript or from the record that the San Juan Court authorized any amendment to the fifth paragraph, or that plaintiffs requested leave to make such amendment, or that they insisted that the blank space be filled in. In any event, the amendment offered "they mortgaged to the defendant" did not make any sense or impart meaning to the amended complaint, or remedy its insufficiency, inasmuch as the alleged mortgage of the lot was not contrary to the original agreement allegedly made. Furthermore, the phrase inserted in the amended complaint filed in the record in this Court when we erroneously rendered the judgment now under consideration, was "there was conveyed" and not "they mortgaged to the defendant."

In view of the legal insufficiency of the amended complaint, our judgment of March 10, 1954 will be reconsidered and set aside and another rendered in its place affirming the judgment appealed from.